ATTORNEY'S NAME: Klick, James   07451
AND ADDRESS:     820 O'Keefe Ave
                 New Orleans   LA 70113-1116

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO:    2010 -- 04871        2                         SECTION:    8 — N

JOHNSON, ELTON versus BP, PLC,

C I T A T I O N

TO: BP AMERICA, INC.
    THROUGH: ITS REGISTERED AGENT
    CT CORP. SYS
    5615 CORPORATE BLVD., STE 400 B
    BATON ROUGE            LA

YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
FOR DAMAGES W/DISCOVERY

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default

ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 561- 8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you may call 529 - 1000 for more information.

COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA        May 13, 2010

Clerk's Office, Room 402, Civil Courts Building,        DALE N. ATKINS, Clerk of
421 Loyola Avenue                                       The Civil District Court
New Orleans, LA                                         for the Parish of Orleans
                                                        State of LA
                                                        by
                                                        Deputy Clerk

SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ _____ served a copy of the w/i petition FOR DAMAGES W/DISCOVERY | On this _____ day of _____ _____ served a copy of the w/i petition FOR DAMAGES W/DISCOVERY |
| On BP AMERICA, INC. | On BP AMERICA, INC. |
| THROUGH: ITS REGISTERED AGENT | THROUGH: ITS REGISTERED AGENT |
| Returned same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM / HER the said _____ BP AMERICA, INC. |
| No. | |
| Deputy Sheriff of _____ | |
| Mileage: $_____ | being absent from the domicile at time of said service. Returned same day |
| _____ / ENTERED /_____ | No. |
| PAPER              RETURN | Deputy Sheriff of _____ |
| _____ /_____ /_____ | |
| SERIAL NO.   DEPUTY   PARISH | |


EXHIBIT
A

FILED

ΞΟ ΜΑΥ 13 P 12: 44

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

### STATE OF LOUISIANA

CIVIL
DISTRICT COURT

CASE NO: *10 - 4871*                          DIVISION "*N - 8*"

### ELTON JOHNSON

versus

### BP, PLC, BP PRODUCTS NORTH AMERICA, INC.,
### BP AMERICA, INC., and TIDEWATER MARINE, L.L.C.,

FILED: _____      _____

                                        DEPUTY CLERK

### PETITION FOR DAMAGES

The Petition for Damages of Elton Johnson, a person of the full age of majority, and a

resident and domiciliary of Bunkie, Avoyelles Parish, Louisiana, respectfully represents, as follows,

to-wit:

1.

Made defendants herein are:

A.    **BP, PLC ("BP")**, a foreign corporation authorized to do and doing business in the
State of Louisiana;

B.    **BP PRODUCTS NORTH AMERICA, INC.** ("BP Products"), a foreign
corporation authorized to do and doing business in the State of Louisiana;

C.    **BP AMERICA, INC.** ("BP America"), a foreign corporation authorized to do and
doing business in the State of Louisiana;

D.    **TIDEWATER MARINE, L.L.C.**, hereinafter referred to as "Tidewater Marine,"
a Louisiana corporation with its principle place of business in New Orleans,
Louisiana.

2.

The defendants, are justly and truly indebted unto plaintiff, Elton Johnson, jointly, severally

and *in solido,* for the following reasons, to-wit:

3.

At all material times, plaintiff Elton Johnson was employed by TIDEWATER MARINE as

a Jones Act seaman and plaintiff invokes the "savings to suitors" clause.

4.

Plaintiff was assigned by defendant, TIDEWATER MARINE, to work aboard the *MV Damon B. Bankston,* a supply vessel, which was mud roped to the offshore drilling vessel, DEEPWATER HORIZON, in order to send and receive supplies.

5.

DEEPWATER HORIZON was moored to the ocean floor at the time of the incident and was owned and/or operated and/or chartered and/or controlled by BP at all material times herein.

6.

On or about April 20, 2010, plaintiff, Elton Johnson, was an employee of TIDEWATER MARINE working on the *MV Damon B. Bankston* supply vessel mud-roped to DEEPWATER HORIZON. Suddenly and without warning, at approximately 10 p.m. on April 20, 2010, while the vessel, DEEPWATER HORIZON, was performing drilling operations for crude oil off the coast of Louisiana, an explosion occurred on DEEPWATER HORIZON.

7.

The explosion violently threw the plaintiff, Elton Johnson, approximately seven (7) feet into a wall and onto a door of the engine room in the supply vessel. As a result, plaintiff was rendered temporarily unconscious and sustained a concussion.

8.

As a result, plaintiff, Elton Johnson, sustained the following injuries:

A.    Back pain;

B.    Shoulder pain;

C.    Headaches;

D.    Ringing of the ears; and

E.    General soreness throughout the body.

9.

Additionally, once plaintiff came to, he helped rescue approximately 60 crewmembers of DEEPWATER HORIZON oil rig, who had either been blown off or had jumped overboard from the rig.

10.

As a result of the trauma of the foregoing events and his diligent rescue efforts, plaintiff is also suffering from serious emotional and/or psychological problems, including, but not limited to, the following:

A.   Anxiety;

B.   Restlessness;

C.   Nightmares;

D.   Post-traumatic stress; and

E.   Depression.

11.

Plaintiff, Elton Johnson, was at all times pertinent hereto ordered to be and performing his duties and functions as instructed and obliged to perform pursuant to directives of defendant, TIDEWATER MARINE.

12.

The accident was caused by no fault of plaintiff and was caused solely by the negligence of defendants, as more particularly set forth herein.

13.

At all times pertinent hereto, the vessel on which the explosion occurred was owned, navigated in navigable waters, manned, possessed, managed, controlled, chartered and/or operated by defendant, BP.

14.

The explosion which caused plaintiff's injuries occurred as a result of the negligence of defendant, BP. These acts of negligence render the defendants liable to plaintiff pursuant to the provisions of 46 U.S.C. § 688 and the general maritime law for negligence.

15.

Plaintiff's accident was caused by defendants' violation of numerous statutes and regulations, including, but not limited to, statutes and regulations issued by OSHA and the United States Coast Guard.

16.

Plaintiff, Elton Johnson, demands that defendant, TIDEWATER, provide him with maintenance and cure benefits until such time as he reaches "maximum medical cure," as determined by his treating physician. Plaintiff demands that maintenance be instituted in the amount of $40.00 per day from the date of his injury.

17.

The above-described incidents were caused solely by the negligence of defendant, BP, through their agents, servants and employees, which are more particularly described as follows:

A.   Negligent failure to properly perform the operation ongoing at the time of the accident/explosion in question;

B.   Negligent failure to take all appropriate precautions to avoid an accident and explosion of the kind which occurred;

C.   Negligent failure to have all proper equipment and gear necessary to perform the job being performed at the time of the accident and explosion in a safe manner;

D.   Negligent failure to keep the equipment on board the vessel in proper condition and repair;

E.   Negligent failure to properly inspect the rig and all of its equipment and gear;

F.   Negligent failure to have sufficient number of properly trained and qualified personnel to perform the job in a safe manner being performed at the time of the accident and explosion;

G.   Negligent failure to properly train and/or instruct and/or warn Elton Johnson and those similarly situated;

H.   Negligent violation of government and industry rules, regulations and standards;

I.   Acting in a grossly negligent, reckless, willful and wanton manner with respect to the ownership and operation of the rig, the operation which was ongoing at the time of the accident and explosion with respect to Elton Johnson;

J.   Other acts of negligence and fault which may be shown through discovery or at trial; and

K.   Generally, the failure of BP to act with the required degree of care commensurate with the existing situation.

18.

In the further alternative, plaintiff, Elton Johnson, reiterating and realleging each and every allegation set forth above as though set forth herein *in extensio*, avers the applicability of the doctrine of Res Ipsa Loquitur.

19.

As a result of the above-described negligence, plaintiff, Elton Johnson, is entitled to recover the following damages:

A.    Physical and mental injury, pain and suffering, mental anguish and distress and fright;

B.    Loss of earnings, past and future;

C.    Loss of earning capacity;

D.    Loss of enjoyment of life;

E.    Mental anguish, grief, profound depression, anxiety and suffering;

F.    Medical and related expenses, past and future;

G.    Punitive or exemplary damages;

H.    Other items of damage which may be shown through discovery or at trial;

I.    All appropriate general and equitable relief;

J.    Prejudgment interest on all sums awarded from date of loss until paid;

K.    Post-judgment on all sums awarded from date of judgment until paid; and

L.    All court costs and litigation costs allowed by law.

20.

The defendants' conduct was reckless and egregious in complete disregard of the safety of plaintiff and are therefore liable for punitive damages.

WHEREFORE plaintiff, ELTON JOHNSON, prays that after due proceedings are had, there be judgment in his favor and against the defendants, BP, PLC, BP PRODUCT NORTH AMERICA, INC, BP AMERICA, INC., and TIDEWARTER MARINE, L.L.C., jointly, severally and in solido, for compensatory, punitive, exemplary and other appropriate damages, with legal interest thereon from date of loss until paid, for all costs of this proceeding.  Plaintiff also prays for all other relief as may be just and equitable in the premises.

Respectfully submitted,

HERMAN, HERMAN, KATZ & COTLAR, LLP

JAMES C. KLICK - #7451
STEVE J. HERMAN – #23129
SOREN E. GISLESON – #26302

JOSEPH E. CAIN – #29785
EDMOND H. KNOLL - #29046
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone:  (504) 581-4892
Facsimile: (504) 561-6024
www.hhkc.com

AND

THE KNOLL LAW FIRM, LLC
JEROLD EDWARD KNOLL - #2214
JEROLD EDWARD KNOLL, JR. - #26956
P.O. Box 426
233 South Main Street
Marksville, Louisiana 71351
Telephone: (318) 253-6200
Facsimile: (318) 253-4044

**PLEASE SERVE:**

1.   **BP, PLC  – VIA LONG ARM SERVICE**
     501 Westlake Park Blvd.
     Houston, Texas 77079

2.   **BP PRODUCTS NORTH AMERICA, INC.**
     Through its registered agent
     The Prentice – Hall Corp. Sys., Inc.
     320 Somerulos Street
     Baton Rouge, Louisiana 70802

3.   **BP AMERICA, INC.**
     Through its registered agent
     CT Corp. Sys.
     5615 Corporate Blvd., Ste. 400(B)
     Baton Rouge, LA 70808

4.   **TIDEWATER MARINE, L.L.C.**
     Through its registered agent for service of process
     S. O. P., Inc.
     601 Poydras Street, Suite 1900
     New Orleans, Louisiana 70130.

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

CASE NO:                                                    DIVISION " "

ELTON JOHNSON

versus

BP, PLC, BP PRODUCTS NORTH AMERICA, INC.,
BP AMERICA, INC., and TIDEWATER MARINE, L.L.C.

FILED: _____    _____
                                          DEPUTY CLERK

## PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION TO ALL DEFENDANTS

NOW COME, through undersigned counsel, Plaintiff, Elton Johnson, who, pursuant to the Louisiana Code of Civil Procedure, respectfully requests that you respond to the following Requests for Production of Documents within the legal delays, and where necessary make available, for inspection and copying, the following documents, at mover's office, located at 820 O'Keefe Ave., New Orleans, Louisiana, 70113 at mover's expense, and to amend and/or supplement your responses on a continuing basis.  Plaintiff's First Set of Discovery is being propounded to all Defendants, namely, the following:

1.     **BP, PLC** ("BP"), a foreign corporation authorized to do and doing business in the State of Louisiana;

2.     **BP PRODUCTS NORTH AMERICA, INC.** ("BP Products"), a foreign corporation authorized to do and doing business in the State of Louisiana;

3.     **BP AMERICA, INC.** ("BP America"), a foreign corporation authorized to do and doing business in the State of Louisiana; and

4.     **TIDEWATER MARINE, L.L.C.**, hereinafter referred to as "Tidewater Marine," a Louisiana corporation with its principle place of business in New Orleans, Louisiana.

## REQUEST FOR PRODUCTION

## DEFINITIONS

As used in these Document Requests, the following terms are defined as follows:

1.     "You" or "Your" means ALL Defendants (unless indicated otherwise in the specific discovery request), predecessors, successors, affiliates, subsidiaries, divisions, parent companies, partners, agents, employees, officers, directors, representatives, or beneficiaries.

2.     "Communication" means, without limitation, oral or written communications of any kind, such as electronic communications, e-mail, facsimiles, telephone communications, correspondence, exchanges of written or recorded information, or face-to-face meetings.

3.     "Document" or "electronically stored information" means, without limitation, the original and all non-identical copies of all items subject to discovery under the Louisiana Code of Civil Procedure and includes letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, electronic data, e-mails, internal or external websites, videos, CDs, DVDs, computer files and disks, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

4.     "Identity" or "identify" shall mean when used with reference to:

    a.     An individual person:

        (i)     his or her full name;

        (ii)    his or her present or last known complete home address;

        (iii)   his or her present or last known complete business address;

        (iv)    his or her present or last known position, business affiliation and job description; and

        (v)     his or her position, business affiliation and job description at the time in question with respect to the document request involved;

    b.     A document:

        (i)     its author;

        (ii)    its subject matter, title, date and total number of pages;

        (iii)   its type (e.g., letter, memorandum, report, diary) or some other means of recognizing it;

        (iv)    each and every addressee;

2

(v)     each and every person to whom copies were sent, by whom copies were received, and who you believe may have knowledge of its contents;

(vi)    its present location and custodian; and

(vii)   its disposition, if no location or custodian is specified.

c.   A communication or meeting:

(i)     all persons involved in such communication or meeting;

(ii)    the date and location of such communication or meeting;

(iii)   the substance of the communication; and

(iv)    all documents related to such communication or meeting (including, without limitation, all documents recording or summarizing such communication or meeting).

5.      "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

6.      "Native format" means as to all documents that are created in digital format (including databases, word processing files, spreadsheets, presentations, and e-mail), their native file format – that is, the format designed specifically for the most efficient use of the information (the associated file structure defined by the original creating application). "Native format," the original digital format of a file or electronically stored information, typically allows the editing of the file by the software that created it. For example, if a file was created in Microsoft Word and was saved as a Microsoft file, the native format is the Microsoft Word format with the extension ".doc".

7.      "Metadata" means information or data describing the history, tracking, or management of an electronic file, or electronically stored information, which describes how, when and by whom the information or data was collected, created, accessed or modified and how it is formatted (including data demographics such as size, location, storage requirements and media information). For electronic mail, metadata includes all header routing data and Base 64 encoded attachment data, in addition to the "To, From, Subject, Received Date, cc and bcc" fields.

8.      "Or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A" or "B", you should produce all information about A and all

3

information about B, as well as all information about, collectively, A and B. In other words, "or" should be read as "and/or."

9.      "Person" means, without limitation, any natural person, government entity, corporation, partnership, limited liability company, proprietorship, joint venture, association, group or other legal form of legal entity.

10.     "Relating to," "referring to," "regarding," or "with respect to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in part.

11.     "Government" refers to the United States federal government and all of its agencies, including but not limited to Minerals Management Service ("MMS") and/or the United States Coast Guard.

12.     "Policy" means Your policy, practice, and/or procedures.

## INSTRUCTIONS

1.      Unless otherwise noted, the relevant time period of these document requests is January 1, 2000 through the date of the response (the "relevant time period").

2.      Pursuant to the Louisiana Code of Civil Procedure, these document requests are continuing in nature so that if you subsequently discover or obtain possession, custody, or control of any document which plaintiffs have previously requested, you shall promptly make such document available.

3.      In producing documents and other materials, you are to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your employees, third party vendors or contractors, or their managing agents, parent company(ies), subsidiaries, or affiliates.

4.      All documents shall be produced as they are kept or maintained by you in the ordinary course of your business. All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by you. If for any reason the container cannot be

4

produced, you should produce copies of all labels or other identifying marks which may be present on the container.

5.      Electronically stored information shall be produced in native format and shall include metadata.

6.      You must produce external items on media that is compatible with Microsoft Windows XP and that mirrors the folder names, file names, and files that are in your computers.

7.      "External items" may include but are not limited to, faxes, photographs, scans, audio files, emails and any other file that is part of a Claim File record in a database but stored outside of the tables in the database.

8.      With respect to any e-mail or other messages produced, produce all attachments to that e-mail and all other e-mail messages in the e-mail chain (any previous e-mail message(s) to which the produced e-mail message replied and any subsequent e-mail message(s) replying to the produced e-mail message).

9.      Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each document's custodian(s).

10.     Documents attached to each other should not be separated. If any portion of any document is responsive to any paragraph or subparagraph of the document requests below, then the entire document must be produced.

11.     If any document responsive to any of the requests is privileged, and the document or any portion of the document requested is withheld based on a claim of privilege, then provide a statement of the claim of privilege and all facts relied upon in support of that claim, including the following information:

    a.      The identification of the person who created, wrote, or prepared the document, and, if applicable, the person(s) to whom the document (or copies of it) was sent (including cc and bcc) or shown;

    b.      The date on which the document was created, written, prepared, or transmitted;

    c.      Description of the general nature of the document (e.g., letter, e-mail, memorandum);

    d.      Number of pages the document contains;

5

    e.    Your basis for withholding the document (e.g., attorney-client privilege, work product); and

    f.    A description of the general subject matter of the document.

12.    Each requested document should be produced in its entirety and without redaction except as qualified by Instruction 11 above, regardless of whether you consider the entire document or only part of it to be relevant or responsive to these document requests.

## REQUEST FOR PRODUCTION NO. 1:

Please produce all internal and external communications concerning, in any way, the remote controlled acoustic shut-off devices, a down-hole valve, a blow-out preventer ("BOP"), cementing, nitrogen cementing, or other blow-out prevention or suppression device on the BP Deepwater Horizon including without limitation the need for or efficiency of such devices..

## REQUEST FOR PRODUCTION NO. 2:

Please produce any documents that relate to compliance with the National Environmental Policy Act ("NEPA") on the BP Deepwater project, including any categorical exclusions or other waivers of NEPA reporting requirements.

## REQUEST FOR PRODUCTION NO. 3:

Please produce all documentation relating to the BP emergency evacuation plan in reference to the Deepwater Horizon, including material submitted by BP to the U.S. Coast Guard.

## REQUEST FOR PRODUCTION NO. 4:

Please produce all documentation relating to the BP emergency evacuation plan in reference to the Deepwater Horizon, including material submitted by BP to MMS.

## REQUEST FOR PRODUCTION NO. 5:

Please produce copies of all emergency or contingency response plans in effect on April 20, 2010 for responding to events similar to those that transpired on the Deepwater Horizon.

## REQUEST FOR PRODUCTION NO. 6:

Please produce all documents relating to any inspections that MMS performed regarding the Deepwater Horizon, including any self inspection records that BP submitted to MMS regarding the Deepwater Horizon drilling in MC 252, any evaluations, approvals, and communications by you and

MMS regarding those self inspections, and any violations ever found by MMS from any such inspection.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce all transcripts and/or recordings of any interviews done by federal officials and/or anyone else of the workers on the Deepwater Horizon or statements made as a result of such meetings.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce any and all copies of all rules and regulations governing the safety and operational requirements for the Deep Water Horizon in effect on April 20, 2010.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce copies of all policy manuals governing the enforcement of rules and regulations referred to in Number 7 above.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce copies of all company rules, regulations, and/or internal studies relating to the remote controlled acoustic shut-off devices, Blow-Out Preventers, down-hole valves, and/or cementing procedure.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce all communications between you and MMS and/or the Coast Guard, as well as any other communication sent or received by you, relating to Request No. 9.

**REQUEST FOR PRODUCTION NO.12:**

Please produce all documents relating and/or referring to Request No. 9, including but not limited to any internal or third party studies conducted for or by You.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce all documents and communications referring and/or relating to any safety awards or certifications bestowed upon You concerning the Deepwater Horizon.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce all personnel files for those employed by you responsible for evaluating and/or certifying You to operate in the Gulf of Mexico.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce copies of all company and/or government audits or inspections of the Deepwater Horizon.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce any and all communications between you and/or Transocean and/or Halliburton and/or the Interior Department and/or the Coast Guard relating to the Deepwater Horizon.

**REQUEST FOR PRODUCTION NO. 17:**

Please produce any and all results of any preliminary company, independent, or governmental investigations into the causes of the Deepwater Horizon incident.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce any and all emergency response plans in effect on April 20, 2010.

**REQUEST FOR PRODUCTION NO. 19:**

Please produce the final approved exploration plan that You filed with federal officials and that was in place at the Deepwater Horizon on April 20, 2010.

**REQUEST FOR PRODUCTION NO. 20:**

Please produce any and all self-inspections or inspections by federal agencies of the Deepwater Horizon.

**REQUEST FOR PRODUCTION NO. 21:**

Please produce copies of any and all violations relating to the Deepwater Horizon found by federal regulators between April 20, 2009 and April 21, 2010.

**REQUEST FOR PRODUCTION NO. 22:**

Please produce copies of any and all federal permits obtained by You for the Deepwater Horizon.

**REQUEST FOR PRODUCTION NO. 23:**

Please produce any and all manuals, specifications, inspections and test results relating to the Deepwater Horizon's BOP.

**REQUEST FOR PRODUCTION NO. 24:**

Please produce any and all manuals, specifications, and/or guidelines for the use of mud and/or water in the drilling operation of the Deepwater Horizon.

**REQUEST FOR PRODUCTION NO. 25:**

Please produce any and all manuals, specifications, and/or guidelines for the use of cement and/or nitrogen cement in the drilling operations of the Deepwater Horizon.

**REQUEST FOR PRODUCTION NO. 26:**

Please produce any and all maintenance records related to the Deepwater Horizon's BOP.

**REQUEST FOR PRODUCTION NO. 27:**

Please produce any and all documents related to any and all hydraulic system leaks of the Deepwater Horizon's BOP.

**REQUEST FOR PRODUCTION NO. 28:**

Please produce any and all documents you created and/or submitted to any governmental entity as required by MMS Regulation 250.416(e).

**REQUEST FOR PRODUCTION NO. 29:**

Please produce any and all daily logs of the Deepwater Horizon.

**REQUEST FOR PRODUCTION NO. 30:**

Please produce any and all communications between Tidewater and BP.

**REQUEST FOR PRODUCTION NO. 31:**

Please produce any and all documents related to all communications between Deepwater Horizon and M/V Damon B. Bankston.

**REQUEST FOR PRODUCTION NO. 32:**

Please produce any and all documents related to any cement bond logs, mud logs, downhole tool logs, telephone logs, fax logs, telecommunication logs and any other logs maintained by You related to the Deepwater Horizon.

Respectfully submitted,

HERMAN, HERMAN, KATZ & COTLAR, LLP

JAMES C. KLICK - #7451
STEVE J. HERMAN – #23129
SOREN E. GISLESON – #26302
JOSEPH E. CAIN – #29785
EDMOND H. KNOLL - #29046
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024
www.hhkc.com

AND

THE KNOLL LAW FIRM, LLC
JEROLD EDWARD KNOLL - #2214
JEROLD EDWARD KNOLL, JR. - #26956
P.O. Box 426
233 South Main Street
Marksville, Louisiana 71351
Telephone: (318) 253-6200
Facsimile: (318) 253-4044

**PLEASE SERVE:**

1.    **BP, PLC  – VIA LONG ARM SERVICE**
      501 Westlake Park Blvd.
      Houston, Texas 77079

2.    **BP PRODUCTS NORTH AMERICA, INC.**
      Through its registered agent
      The Prentice – Hall Corp. Sys., Inc.
      320 Somerulos Street
      Baton Rouge, Louisiana 70802

3.    **BP AMERICA, INC.**
      Through its registered agent
      CT Corp. Sys.
      5615 Corporate Blvd., Ste. 400(B)
      Baton Rouge, LA 70808

4.    **TIDEWATER MARINE, L.L.C.**
      Through its registered agent for service of process
      S. O. P., Inc.
      601 Poydras Street, Suite 1900
      New Orleans, Louisiana 70130.

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

### STATE OF LOUISIANA

SUBPOENA

No. 10-4871                          DIVISION "N"                          SECTION ()

### ELTON JOHNSON
V.
### BP, PLC, BP PRODUCTS NORTH AMERICA, INC., BP AMERICA, INC., and TIDEWATER MARINE, LLC

TO:    **BP AMERICA, INC.**
Through its registered agent
CT Corp. Sys.
5615 Corporate Blvd., Ste. 400(B)
Baton Rouge, LA 70808

**CLERK, CIVIL DISTRICT COURT -** Please issue a subpoena to the above party as directed below.

---

#### SUBPOENA REQUEST

[      ] **YOU ARE COMMANDED** to appear in the Civil District Court, Parish of Orleans in Division "____", 421 Loyola Ave., New Orleans, LA 70112, on the _____day of _____, 2005 at _____ o'cloc___.M., to testify the truth according to your knowledge, in a controversy pending herein between the parties above named; and hereof you are not to fail under the penalty of the law.  By order of the Court.

---

#### DEPOSITION SUBPOENA REQUEST

[      ] **YOU ARE COMMANDED** to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

---

#### REQUEST FOR WRIT OF SUBPOENA DUCES TECUM

[   x   ] **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects for the ____ trial, _____ deposition, or _____ hearing at the place, date and time specified below pursuant to provisions of Article 1354 et. seq. of the LA Code of Civil Procedure.

### SEE ATTACHED NOTICE OF DEPOSITION AND EXHIBIT A

| PLACE | DATE AND TIME |
|---|---|
| Herman, Herman, Katz & Cotlar<br>820 O'Keefe Avenue<br>New Orleans, Louisiana 70113 | June 11, 2010<br>9:00 a.m. |

RECEIVED                          DALE N. ATKINS, CLERK
                                  CIVIL DISTRICT COURT

MAY 2 0 2010

Issued at the request of; and,
Fees and cost guaranteed by undersigned

E.B.R. SHERIFF'S OFFICE

**ATTORNEY**                     Attorney's signature

**ATTORNEY'S**
**NAME & BAR NUMBER**            SOREN E. GISLESON - #26302

**ADDRESS**                      820 O'KEEFE AVENUE
**&**                            NEW ORLEANS, LOUISIANA 70113
**TELEPHONE NUMBER**             (504) 581-4892

File original and two copies with Clerk
fourth copy for Attorney's File

FILED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

CASE NO:  10-4871

CIVIL
DISTRICT COURT
DIVISION " N "

ELTON JOHNSON

versus

BP, PLC, BP PRODUCTS NORTH AMERICA, INC.,
BP AMERICA, INC., and TIDEWATER MARINE, L.L.C.,

FILED: _____          _____

DEPUTY CLERK

## NOTICE OF RECORDS DEPOSITION

TO:  **BP PRODUCTS NORTH AMERICA, INC.**
Through its registered agent
The Prentice – Hall Corp. Sys., Inc.
320 Somerulos Street
Baton Rouge, Louisiana 70802

**BP AMERICA, INC.**
Through its registered agent
CT Corp. Sys.
5615 Corporate Blvd., Ste. 400(B)
Baton Rouge, LA 70808

**TRANSOCEAN, LTD**
Through its registered agent
The Prentice – Hall Corp. Sys., Inc.
320 Somerulos Street
Baton Rouge, Louisiana 70802

**CAMERON INTERNATIONAL CORPORATION f/k/a Cooper Cameron Corporation**
Through its Registered agent:
CT Corp. Sys.
5615 Corporate Blvd., Ste. 400(B)
Baton Rouge, LA 70808

**HALLIBURTON ENERGY SERVICES, INC.**
Through its registered agent
CT Corp. Sys.
5615 Corporate Blvd., Ste. 400(B)
Baton Rouge, LA 70808

**PLEASE TAKE NOTICE** that plaintiff, Elton Johnson will take the deposition of the following entities on **FRIDAY, JUNE 11, 2010,** at **9:00 a.m.:**

**BP PRODUCTS NORTH AMERICA**
**BP AMERICA, INC.**
**TRANSOCEAN, LTD**
**CAMERON INTERNATIONAL CORPORATION f/k/a Cooper Cameron Corporation**
**HALLIBURTON ENERGY SERVICES, INC.**

with respect to complete file materials, including, but not limited to, the following:

**SEE ATTACHED EXHIBIT A**

**PLEASE NOTE THAT THIS DEPOSITION IS FOR THE RETURN OF RECORDS ONLY. IF THE RECORDS REQUESTED ARE PRODUCED ON OR BEFORE THE DATE OF THE DEPOSITION, THERE WILL BE NO NEED FOR YOUR APPEARANCE AT THE DEPOSITION**

Respectfully submitted,
**HERMAN, HERMAN, KATZ & COTLAR, LLP**

_____
**JAMES C. KLICK – #7451**
**STEVE J. HERMAN – #23129**
**SOREN E. GISLESON – #26302**
**JOSEPH E. CAIN – #29785**
**EDMOND H. KNOLL – #29046**
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone:  (504) 581-4892
Facsimile:  (504) 561-6024
www.hhkc.com

AND

**THE KNOLL LAW FIRM, LLC**
**JEROLD EDWARD KNOLL - #2214**
**JEROLD EDWARD KNOLL, JR. - #26956**
P.O. Box 426
233 South Main Street
Marksville, Louisiana 71351
Telephone: (318) 253-6200
Facsimile: (318) 253-4044

**EXHIBIT A**          FILED

**INSTRUCTIONS**       2010 MAY 14 P 3 16

CIVIL
DISTRICT COURT

1.   Unless otherwise noted, the relevant time period of these document requests is January
     1, 2000 through the date of the response (the "relevant time period").

2.   Pursuant to the Louisiana Code of Civil Procedure, these document requests are
     continuing in nature so that if you subsequently discover or obtain possession, custody,
     or control of any document which plaintiffs have previously requested, you shall
     promptly make such document available.

3.   In producing documents and other materials, you are to furnish all documents or things in
     your possession, custody or control, regardless of whether such documents or materials
     are possessed directly by you or your employees, third party vendors or contractors, or
     their managing agents, parent company(ies), subsidiaries, or affiliates.

4.   All documents shall be produced as they are kept or maintained by you in the ordinary
     course of your business. All documents shall be produced in the file folder, envelope or
     other container in which the documents are kept or maintained by you. If for any reason
     the container cannot be produced, you should produce copies of all labels or other
     identifying marks which may be present on the container.

5.   Electronically stored information shall be produced in native format and shall include
     metadata.

6.   You must produce external items on media that is compatible with Microsoft Windows
     XP and that mirrors the folder names, file names, and files that are in your computers.

7.   "External items" may include but are not limited to, faxes, photographs, scans, audio
     files, emails and any other file that is part of a Claim File record in a database but stored
     outside of the tables in the database.

8.   With respect to any e-mail or other messages produced, produce all attachments to that
     e-mail and all other e-mail messages in the e-mail chain (any previous e-mail message(s)
     to which the produced e-mail message replied and any subsequent e-mail message(s)
     replying to the produced e-mail message).

9.   Documents shall be produced in such fashion as to identify the department, branch or
     office in whose possession they were located and, where applicable, the natural person in
     whose possession they were found and the business address of each document's
     custodian(s).

10.  Documents attached to each other should not be separated. If any portion of any
     document is responsive to any paragraph or subparagraph of the document requests
     below, then the entire document must be produced.

11.  If any document responsive to any of the requests is privileged, and the document or any
     portion of the document requested is withheld based on a claim of privilege, then provide
     a statement of the claim of privilege and all facts relied upon in support of that claim,
     including the following information:

     a.   The identification of the person who created, wrote, or prepared the document,
          and, if applicable, the person(s) to whom the document (or copies of it) was sent
          (including cc and bcc) or shown;
     b.   The date on which the document was created, written, prepared, or transmitted;
     c.   Description of the general nature of the document (e.g., letter, e-mail,
          memorandum);
     d.   Number of pages the document contains;
     e.   Your basis for withholding the document (e.g., attorney-client privilege, work

product); and

    f.      A description of the general subject matter of the document.

12.    Each requested document should be produced in its entirety and without redaction except as qualified by Instruction 11 above, regardless of whether you consider the entire document or only part of it to be relevant or responsive to these document requests.

## REQUEST FOR DOCUMENTS

1.    Please produce all internal and external communications concerning the need for, or efficacy of, remote controlled acoustic shut-off devices, a down-hole valve, a blow-out preventer ("BOP"), cementing, nitrogen cementing, or other blow-out prevention or suppression device on the BP Deepwater Horizon oil rig.

2.    Please produce any documents that relate to compliance with the National Environmental Policy Act ("NEPA") on the BP Deepwater project, including any categorical exclusions or other waivers of NEPA reporting requirements.

3.    Please produce all documentation relating to the BP emergency evacuation plan, including material submitted by BP to the U.S. Coast Guard.

4.    Please produce all documentation relating to the BP emergency evacuation plan, including material submitted by BY to MMS.

5.    Please produce copies of all emergency or contingency response plans in effect on April 20, 2010 for responding to events similar to those that transpired on the Deepwater Horizon.

6.    Please produce all documents relating to any inspections that MMS performed regarding the Deepwater Horizon, including any self inspection records that BP submitted to MMS regarding the Deepwater Horizon drilling in MC 252, any evaluations, approvals, and communications by you and MMS regarding those self inspections, and any violations ever fond by MMS from any such inspection.

7.    Please produce all transcripts and/or recordings of any interviews done by federal officials and/or anyone else of the workers on the Deepwater Horizon.

8.    Please produce any and all copies of all rules and regulations governing the safety and operational requirements for the Deep Water Horizon in effect on April 20, 2010.

9.    Please produce copies of all policy manuals governing the enforcement of rules and regulations referred to in Number 7 above.

10.    Please produce copies of all company rules, regulations, and/or internal studies relating to the remote controlled acoustic shut-off devices, Blow-Out Preventers, down-hole valves, and/or cementing procedure.

11.    Please produce all communications between you and MMS and/or the Coast Guard, as well as any other communication sent or received by you, relating to Request No. 9.

12.    Please produce all documents relating and/or referring to Request No. 9, including but not limited to any internal or third party studies conducted for or by You.

13.    Please produce all documents and communications referring and/or relating to any safety awards or certifications bestowed upon You concerning the Deepwater Horizon.

14.    Please produce all personnel files for those employed by you responsible for evaluating and/or certifying You to operate in the Gulf of Mexico.

15.    Please produce copies of all company and/or government audits or inspections of the

Deepwater Horizon.

16. Please produce any and all communications between you and/or Transocean and/or Halliburton and/or the Interior Department and/or the Coast Guard relating to the Deepwater Horizon.

17. Please produce any and all results of any preliminary company, independent, or governmental investigations into the causes of the Deepwater Horizon incident.

18. Please produce any and all emergency response plans in effect on April 20, 2010.

19. Please produce the final approved exploration plan that You filed with federal officials and that was in place at the Deepwater Horizon on April 20, 2010.

20. Please produce any and all self-inspections or inspections by federal agencies of the Deepwater Horizon.

21. Please produce copies of any and all violations relating to the Deepwater Horizon found by federal regulators between April 20, 2009 and April 21, 2010.

22. Please produce copies of any and all federal permits obtained by You for the Deepwater Horizon.

23. Please produce any and all manuals, specifications, inspections and test results relating to the Deepwater Horizon's BOP.

24. Please produce any and all manuals, specifications, and/or guidelines for the use of mud and/or water in the drilling operation of the Deepwater Horizon.

25. Please produce any and all manuals, specifications, and/or guidelines for the use of cement and/or nitrogen cement in the drilling operations of the Deepwater Horizon.

26. Please produce any and all maintenance records related to the Deepwater Horizon's BOP.

27. Please produce any and all documents related to any and all hydraulic system leaks of the Deepwater Horizon's BOP.

28. Please produce any and all documents you created and/or submitted to any governmental entity as required by MMS Regulation 250.416(e).

29. Please produce any and all daily logs of the Deepwater Horizon.

30. Please produce any and all communications between Tidewater and BP.

31. Please produce any and all documents related to all communications between Deepwater Horizon and M/V Damon B. Bankston.

32. Please produce any and all documents related to any cement bond logs, mud logs, downhole tool logs, telephone logs, fax logs, telecommunication logs and any other logs maintained by You related to the Deepwater Horizon.

ATTORNEY'S NAME: Klick, James 07451
AND ADDRESS: 820 O'Keefe Ave
New Orleans LA 70113-1116

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO: 2010 -- 04871      11                          SECTION:      8 -- N

JOHNSON, ELTON versus BP, PLC,

## C I T A T I O N

TO: BP AMERICA, INC.
THROUGH: ITS REGISTERED AGENT
CT CORP. SYS.
5615 CORPORATE BLVD., STE, 400B
BATON ROUGE                LA

YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
FIRST AMENDED & RESTATED PETITION
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •
•                        ADDITIONAL INFORMATION                          •
•   Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer   •
•   Referral Service at 561- 8828. This Referral Service operates in conjunction with the New Orleans Bar Association.   •
•   If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you   •
•   may call 529 - 1000 for more information.   •
•   COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE   •
• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA ___May 27, 2010___

Clerk's Office, Room 402, Civil Courts Building,          DALE N. ATKINS, Clerk of
421 Loyola Avenue                                         The Civil District Court
New Orleans, LA                                           for the Parish of Orleans
                                                          State of LA
                                                          by _____
                                                                    Deputy Clerk

---

SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of | On this _____ day of |
| _____ served a copy of the w/i petition | _____ served a copy of the w/i petition |
| FIRST AMENDED & RESTATED PETITION | FIRST AMENDED & RESTATED PETITION |
| On | On |
| BP AMERICA, INC. | BP AMERICA, INC. |
| THROUGH: ITS REGISTERED AGENT | THROUGH: ITS REGISTERED AGENT |
| | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ |
| | a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM / HER the said _____ |
| Returned same day | BP AMERICA, INC. |
| _____ No. | |
| Deputy Sheriff of _____ | |
| Mileage: $ _____ | being absent from the domicile at time of said service. |
| | Returned same day |
| _____ / ENTERED /_____ | _____ No. |
| PAPER                RETURN | |
| _____/_____/_____ | Deputy Sheriff of _____ |
| SERIAL NO.   DEPUTY   PARISH | |

FILED

'09 MAY 27 P 12 26

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

CASE NO:   10-8471    *4871*                    DIVISION " N "

ELTON JOHNSON

versus

BP, PLC, BP PRODUCTS NORTH AMERICA, INC.,
BP AMERICA, INC., and TIDEWATER MARINE, L.L.C.,

FILED: _____

DEPUTY CLERK

### FIRST AMENDED AND RESTATED PETITION

The Petition for Damages of Elton Johnson, a person of the full age of majority, and a resident and domiciliary of Bunkie, Avoyelles Parish, Louisiana, respectfully represents, as follows, to-wit:

1.

Made defendants herein are:

A.   **BP, PLC** ("BP"), a foreign corporation authorized to do and doing business in the State of Louisiana;

B.   **BP PRODUCTS NORTH AMERICA, INC.** ("BP Products"), a foreign corporation authorized to do and doing business in the State of Louisiana;

C.   **BP AMERICA, INC.** ("BP America"), a foreign corporation authorized to do and doing business in the State of Louisiana;

D.   **TIDEWATER MARINE, L.L.C.**, hereinafter referred to as "Tidewater Marine," a Louisiana corporation with its principle place of business in New Orleans, Louisiana.

2.

The defendants, are justly and truly indebted unto plaintiff, Elton Johnson, jointly, severally and *in solido,* for the following reasons, to-wit:

3.

At all material times, plaintiff Elton Johnson was employed by TIDEWATER MARINE as a Jones Act seaman and plaintiff invokes the "savings to suitors" clause.

4.

Plaintiff was assigned by defendant, TIDEWATER MARINE, to work aboard the *MV Damon B. Bankston*, a supply vessel, which was mud roped to the offshore drilling vessel, DEEPWATER HORIZON, in order to send and receive supplies.

5.

DEEPWATER HORIZON was moored to the ocean floor at the time of the incident and was owned and/or operated and/or chartered and/or controlled by TRANSOCEAN and/or BP at all material times herein.

6.

On or about April 20, 2010, plaintiff, Elton Johnson, was an employee of TIDEWATER MARINE working on the *MV Damon B. Bankston* supply vessel mud-roped to DEEPWATER HORIZON. Suddenly and without warning, at approximately 10 p.m. on April 20, 2010, while the vessel, DEEPWATER HORIZON, was performing drilling operations for crude oil off the coast of Louisiana, an explosion occurred on DEEPWATER HORIZON.

7.

The explosion violently threw the plaintiff, Elton Johnson, approximately seven (7) feet into a wall and onto a door of the engine room in the supply vessel. As a result, plaintiff was rendered temporarily unconscious and sustained a concussion.

8.

As a result, plaintiff, Elton Johnson, sustained the following injuries:

A.   Back pain;

B.   Shoulder pain;

C.   Headaches;

D.   Ringing of the ears; and

E.   General soreness throughout the body.

9.

Additionally, once plaintiff came to, he helped rescue approximately 60 crewmembers of DEEPWATER HORIZON oil rig, who had either been blown off or had jumped overboard from the rig.

10.

As a result of the trauma of the foregoing events and his diligent rescue efforts, plaintiff is also suffering from serious emotional and/or psychological problems, including, but not limited to, the following:

    A.    Anxiety;

    B.    Restlessness;

    C.    Nightmares;

    D.    Post-traumatic stress; and

    E.    Depression.

11.

Plaintiff, Elton Johnson, was at all times pertinent hereto ordered to be and performing his duties and functions as instructed and obliged to perform pursuant to directives of defendant, TIDEWATER MARINE.

12.

The accident was caused by no fault of plaintiff and was caused solely by the negligence of defendants, as more particularly set forth herein.

13.

At all times pertinent hereto, the vessel on which the explosion occurred was owned, navigated in navigable waters, manned, possessed, managed, controlled, chartered and/or operated by defendant, BP.

14.

The explosion which caused plaintiff's injuries occurred as a result of the negligence of defendant, BP. These acts of negligence render the defendants liable to plaintiff pursuant to the provisions of 46 U.S.C. § 688 and the general maritime law for negligence.

15.

Plaintiff seeks recovery against the defendants for their wrongful conduct, including gross, reckless, and wantom conduct, solely under the general maritime law and as a Jones Act seaman and member of the crew of the Tidewater vessel.

16.

Plaintiff, Elton Johnson, demands that defendant, TIDEWATER, provide him with maintenance and cure benefits until such time as he reaches "maximum medical cure," as determined by his treating physician. Plaintiff demands that maintenance be instituted in the amount of $40.00 per day from the date of his injury.

17.

The above-described incidents were caused solely by the negligence of defendant, BP, through their agents, servants and employees, which are more particularly described as follows:

A.  Negligent failure to properly perform the operation ongoing at the time of the accident/explosion in question;

B.  Negligent failure to take all appropriate precautions to avoid an accident and explosion of the kind which occurred;

C.  Negligent failure to have all proper equipment and gear necessary to perform the job being performed at the time of the accident and explosion in a safe manner;

D.  Negligent failure to keep the equipment on board the vessel in proper condition and repair;

E.  Negligent failure to properly inspect the rig and all of its equipment and gear;

F.  Negligent failure to have sufficient number of properly trained and qualified personnel to perform the job in a safe manner being performed at the time of the accident and explosion;

G.  Negligent failure to properly train and/or instruct and/or warn Elton Johnson and those similarly situated;

H.  Negligent violation of government and industry rules, regulations and standards;

I.  Acting in a grossly negligent, reckless, willful and wanton manner with respect to the ownership and operation of the rig, the operation which was ongoing at the time of the accident and explosion with respect to Elton Johnson;

J.  Other acts of negligence and fault which may be shown through discovery or at trial; and

K.  Generally, the failure of BP to act with the required degree of care commensurate with the existing situation.

18.

In the further alternative, plaintiff, Elton Johnson, reiterating and realleging each and every allegation set forth above as though set forth herein *in extensio*, avers the applicability of the doctrine of Res Ipsa Loquitur.

19.

As a result of the above-described negligence, plaintiff, Elton Johnson, is entitled to recover the following damages:

A.  Physical and mental injury, pain and suffering, mental anguish and distress and fright;

B.  Loss of earnings, past and future;

C.  Loss of earning capacity;

D.  Loss of enjoyment of life;

E.  Mental anguish, grief, profound depression, anxiety and suffering;

F.  Medical and related expenses, past and future;

G.  Punitive or exemplary damages;

H.  Other items of damage which may be shown through discovery or at trial;

I.  All appropriate general and equitable relief;

J.  Prejudgment interest on all sums awarded from date of loss until paid;

K.  Post-judgment on all sums awarded from date of judgment until paid; and

L.  All court costs and litigation costs allowed by law.

20.

The defendants' conduct was reckless and egregious in complete disregard of the safety of plaintiff and are therefore liable for punitive damages.

WHEREFORE plaintiff, ELTON JOHNSON, prays that after due proceedings are had, there be judgment in his favor and against the defendants, BP, PLC, BP PRODUCT NORTH AMERICA, INC, BP AMERICA, INC., and TIDEWARTER MARINE, L.L.C., jointly, severally and in solido, for compensatory, punitive, exemplary and other appropriate damages, with legal interest thereon from date of loss until paid, for all costs of this proceeding. Plaintiff also prays for all other relief as may be just and equitable in the premises.

Respectfully submitted,

HERMAN, HERMAN, KATZ & COTLAR, LLP

JAMES C. KLICK - #7451
STEVE J. HERMAN – #23129
SOREN E. GISLESON – #26302
JOSEPH E. CAIN – #29785
EDMOND H. KNOLL - #29046
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024
www.hhkc.com

AND

THE KNOLL LAW FIRM, LLC
JEROLD EDWARD KNOLL - #2214
JEROLD EDWARD KNOLL, JR. - #26956
P.O. Box 426
233 South Main Street
Marksville, Louisiana 71351
Telephone: (318) 253-6200
Facsimile: (318) 253-4044

## PLEASE SERVE:

1.  **BP, PLC – VIA LONG ARM SERVICE**
    501 Westlake Park Blvd.
    Houston, Texas 77079

2.  **BP PRODUCTS NORTH AMERICA, INC.**
    Through its registered agent
    The Prentice – Hall Corp. Sys., Inc.
    320 Somerulos Street
    Baton Rouge, Louisiana 70802

3.  **BP AMERICA, INC.**
    Through its registered agent
    CT Corp. Sys.
    5615 Corporate Blvd., Ste. 400(B)
    Baton Rouge, LA 70808

4.  **TIDEWATER MARINE, L.L.C.**
    Through its registered agent for service of process
    S. O. P., Inc.
    601 Poydras Street, Suite 1900
    New Orleans, Louisiana 70130.

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

ATTORNEY'S NAME: Klick, James  07451
AND ADDRESS:      820 O'Keefe Ave
                  New Orleans    LA 70113-1116

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO:    2010 -- 04871        3                        SECTION:    8 -- N

JOHNSON, ELTON versus BP, PLC,

### C I T A T I O N

TO:  BP PRODUCTS NORTH AMERICA, INC.
     THROUGH:  ITS REGISTERED AGENT
     THE PRENTICE-HALL CORP. SYS. INC.
     320 SOMERULOS ST.
     BATON ROUGE                    LA

YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
FOR DAMAGES W/DISCOVERY
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of
this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the
service hereof under penalty of default

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·
·                          ADDITIONAL INFORMATION                                      ·
·   Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer  ·
·   Referral Service at 561- 8828. This Referral Service operates in conjunction with the New Orleans Bar Association.  ·
·   If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you  ·
·   may call 529 - 1000 for more information.                                           ·
·   COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE                              ·
· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA _____May 13, 2010_____

Clerk's Office, Room 402, Civil Courts Building,              DALE N. ATKINS, Clerk of
421 Loyola Avenue                                            The Civil District Court
New Orleans, LA                                              for the Parish of Orleans
                                                             State of LA
                                                             by _____
                                                                Deputy Clerk

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ | On this _____ day of _____ |
| _____ served a copy of the w/i petition | _____ served a copy of the w/i petition |
| FOR DAMAGES W/DISCOVERY | FOR DAMAGES W/DISCOVERY |
| On | On |
| BP PRODUCTS NORTH AMERICA, INC. | BP PRODUCTS NORTH AMERICA, INC. |
| THROUGH: ITS REGISTERED AGENT | THROUGH: ITS REGISTERED AGENT |
|  | by leaving same at the dwelling house, or usual place of |
|  | abode, in the hands of _____ |
| Returned same day | a person of suitable age and discretion residing therein as |
| _____ No. _____ | a member of the domiciliary establishment, whose name |
|  | and other facts connected with this service I learned by |
| Deputy Sheriff of _____ | interrogating  HIM / HER the said _____ |
| Mileage: $_____ | BP PRODUCTS NORTH AMERICA, INC. |
|  |  |
| _____ / ENTERED / _____ | being absent from the domicile at time of said service. |
| PAPER                    RETURN | Returned same day |
| _____/_____/_____ | _____ No. _____ |
| SERIAL NO.   DEPUTY   PARISH | Deputy Sheriff of _____ |

FILED

ZZ3 MAY 13  P 12: 44

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

CIVIL
DISTRICT COURT

CASE NO: *10 - 4871*

DIVISION " *N - 8* "

ELTON JOHNSON

versus

BP, PLC, BP PRODUCTS NORTH AMERICA, INC.,
BP AMERICA, INC., and TIDEWATER MARINE, L.L.C.,

FILED: _____        _____
                                        DEPUTY CLERK

PETITION FOR DAMAGES

The Petition for Damages of Elton Johnson, a person of the full age of majority, and a resident and domiciliary of Bunkie, Avoyelles Parish, Louisiana, respectfully represents, as follows, to-wit:

1.

Made defendants herein are:

A.   **BP, PLC** ("BP"), a foreign corporation authorized to do and doing business in the State of Louisiana;

B.   **BP PRODUCTS NORTH AMERICA, INC.** ("BP Products"), a foreign corporation authorized to do and doing business in the State of Louisiana;

C.   **BP AMERICA, INC.** ("BP America"), a foreign corporation authorized to do and doing business in the State of Louisiana;

D.   **TIDEWATER MARINE, L.L.C.**, hereinafter referred to as "Tidewater Marine," a Louisiana corporation with its principle place of business in New Orleans, Louisiana.

2.

The defendants, are justly and truly indebted unto plaintiff, Elton Johnson, jointly, severally and *in solido,* for the following reasons, to-wit:

3.

At all material times, plaintiff Elton Johnson was employed by TIDEWATER MARINE as a Jones Act seaman and plaintiff invokes the "savings to suitors" clause.

4.

Plaintiff was assigned by defendant, TIDEWATER MARINE, to work aboard the *MV Damon B. Bankston,* a supply vessel, which was mud roped to the offshore drilling vessel, DEEPWATER HORIZON, in order to send and receive supplies.

5.

DEEPWATER HORIZON was moored to the ocean floor at the time of the incident and was owned and/or operated and/or chartered and/or controlled by BP at all material times herein.

6.

On or about April 20, 2010, plaintiff, Elton Johnson, was an employee of TIDEWATER MARINE working on the *MV Damon B. Bankston* supply vessel mud-roped to DEEPWATER HORIZON. Suddenly and without warning, at approximately 10 p.m. on April 20, 2010, while the vessel, DEEPWATER HORIZON, was performing drilling operations for crude oil off the coast of Louisiana, an explosion occurred on DEEPWATER HORIZON.

7.

The explosion violently threw the plaintiff, Elton Johnson, approximately seven (7) feet into a wall and onto a door of the engine room in the supply vessel. As a result, plaintiff was rendered temporarily unconscious and sustained a concussion.

8.

As a result, plaintiff, Elton Johnson, sustained the following injuries:

A. Back pain;

B. Shoulder pain;

C. Headaches;

D. Ringing of the ears; and

E. General soreness throughout the body.

9.

Additionally, once plaintiff came to, he helped rescue approximately 60 crewmembers of DEEPWATER HORIZON oil rig, who had either been blown off or had jumped overboard from the rig.

10.

As a result of the trauma of the foregoing events and his diligent rescue efforts, plaintiff is also suffering from serious emotional and/or psychological problems, including, but not limited to, the following:

A.   Anxiety;

B.   Restlessness;

C.   Nightmares;

D.   Post-traumatic stress; and

E.   Depression.

11.

Plaintiff, Elton Johnson, was at all times pertinent hereto ordered to be and performing his duties and functions as instructed and obliged to perform pursuant to directives of defendant, TIDEWATER MARINE.

12.

The accident was caused by no fault of plaintiff and was caused solely by the negligence of defendants, as more particularly set forth herein.

13.

At all times pertinent hereto, the vessel on which the explosion occurred was owned, navigated in navigable waters, manned, possessed, managed, controlled, chartered and/or operated by defendant, BP.

14.

The explosion which caused plaintiff's injuries occurred as a result of the negligence of defendant, BP. These acts of negligence render the defendants liable to plaintiff pursuant to the provisions of 46 U.S.C. § 688 and the general maritime law for negligence.

15.

Plaintiff's accident was caused by defendants' violation of numerous statutes and regulations, including, but not limited to, statutes and regulations issued by OSHA and the United States Coast Guard.

16.

Plaintiff, Elton Johnson, demands that defendant, TIDEWATER, provide him with maintenance and cure benefits until such time as he reaches "maximum medical cure," as determined by his treating physician. Plaintiff demands that maintenance be instituted in the amount of $40.00 per day from the date of his injury.

17.

The above-described incidents were caused solely by the negligence of defendant, BP, through their agents, servants and employees, which are more particularly described as follows:

A.   Negligent failure to properly perform the operation ongoing at the time of the accident/explosion in question;

B.   Negligent failure to take all appropriate precautions to avoid an accident and explosion of the kind which occurred;

C.   Negligent failure to have all proper equipment and gear necessary to perform the job being performed at the time of the accident and explosion in a safe manner;

D.   Negligent failure to keep the equipment on board the vessel in proper condition and repair;

E.   Negligent failure to properly inspect the rig and all of its equipment and gear;

F.   Negligent failure to have sufficient number of properly trained and qualified personnel to perform the job in a safe manner being performed at the time of the accident and explosion;

G.   Negligent failure to properly train and/or instruct and/or warn Elton Johnson and those similarly situated;

H.   Negligent violation of government and industry rules, regulations and standards;

I.   Acting in a grossly negligent, reckless, willful and wanton manner with respect to the ownership and operation of the rig, the operation which was ongoing at the time of the accident and explosion with respect to Elton Johnson;

J.   Other acts of negligence and fault which may be shown through discovery or at trial; and

K.   Generally, the failure of BP to act with the required degree of care commensurate with the existing situation.

18.

In the further alternative, plaintiff, Elton Johnson, reiterating and realleging each and every allegation set forth above as though set forth herein *in extensio*, avers the applicability of the doctrine of Res Ipsa Loquitur.

19.

As a result of the above-described negligence, plaintiff, Elton Johnson, is entitled to recover the following damages:

A.   Physical and mental injury, pain and suffering, mental anguish and distress and fright;

B.   Loss of earnings, past and future;

C.   Loss of earning capacity;

D.   Loss of enjoyment of life;

E.   Mental anguish, grief, profound depression, anxiety and suffering;

F.   Medical and related expenses, past and future;

G.   Punitive or exemplary damages;

H.   Other items of damage which may be shown through discovery or at trial;

I.   All appropriate general and equitable relief;

J.   Prejudgment interest on all sums awarded from date of loss until paid;

K.   Post-judgment on all sums awarded from date of judgment until paid; and

L.   All court costs and litigation costs allowed by law.

20.

The defendants' conduct was reckless and egregious in complete disregard of the safety of plaintiff and are therefore liable for punitive damages.

WHEREFORE plaintiff, ELTON JOHNSON, prays that after due proceedings are had, there be judgment in his favor and against the defendants, BP, PLC, BP PRODUCT NORTH AMERICA, INC, BP AMERICA, INC., and TIDEWARTER MARINE, L.L.C., jointly, severally and in solido, for compensatory, punitive, exemplary and other appropriate damages, with legal interest thereon from date of loss until paid, for all costs of this proceeding.  Plaintiff also prays for all other relief as may be just and equitable in the premises.

Respectfully submitted,

HERMAN, HERMAN, KATZ & COTLAR, LLP

JAMES C. KLICK - #7451
STEVE J. HERMAN – #23129
SOREN E. GISLESON – #26302

JOSEPH E. CAIN – #29785
EDMOND H. KNOLL - #29046
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024
www.hhkc.com

AND

THE KNOLL LAW FIRM, LLC
JEROLD EDWARD KNOLL - #2214
JEROLD EDWARD KNOLL, JR. - #26956
P.O. Box 426
233 South Main Street
Marksville, Louisiana 71351
Telephone: (318) 253-6200
Facsimile: (318) 253-4044

**PLEASE SERVE:**

1.   **BP, PLC – VIA LONG ARM SERVICE**
     501 Westlake Park Blvd.
     Houston, Texas 77079

2.   **BP PRODUCTS NORTH AMERICA, INC.**
     Through its registered agent
     The Prentice – Hall Corp. Sys., Inc.
     320 Somerulos Street
     Baton Rouge, Louisiana 70802

3.   **BP AMERICA, INC.**
     Through its registered agent
     CT Corp. Sys.
     5615 Corporate Blvd., Ste. 400(B)
     Baton Rouge, LA 70808

4.   **TIDEWATER MARINE, L.L.C.**
     Through its registered agent for service of process
     S. O. P., Inc.
     601 Poydras Street, Suite 1900
     New Orleans, Louisiana 70130.

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

CASE NO:                                                    DIVISION " "

ELTON JOHNSON

versus

BP, PLC, BP PRODUCTS NORTH AMERICA, INC.,
BP AMERICA, INC., and TIDEWATER MARINE, L.L.C.

FILED: _____        _____
                                                        **DEPUTY CLERK**

## PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION TO ALL DEFENDANTS

**NOW COME**, through undersigned counsel, Plaintiff, Elton Johnson, who, pursuant to the

Louisiana Code of Civil Procedure, respectfully requests that you respond to the following Requests

for Production of Documents within the legal delays, and where necessary make available, for

inspection and copying, the following documents, at mover's office, located at 820 O'Keefe Ave.,

New Orleans, Louisiana, 70113 at mover's expense, and to amend and/or supplement your responses

on a continuing basis. Plaintiff's First Set of Discovery is being propounded to all Defendants,

namely, the following:

1.   **BP, PLC** ("BP"), a foreign corporation authorized to do and doing business in the State of
     Louisiana;

2.   **BP PRODUCTS NORTH AMERICA, INC.** ("BP Products"), a foreign corporation
     authorized to do and doing business in the State of Louisiana;

3.   **BP AMERICA, INC.** ("BP America"), a foreign corporation authorized to do and doing
     business in the State of Louisiana; and

4.   **TIDEWATER MARINE, L.L.C.**, hereinafter referred to as "Tidewater Marine," a
     Louisiana corporation with its principle place of business in New Orleans, Louisiana.

### REQUEST FOR PRODUCTION

### DEFINITIONS

As used in these Document Requests, the following terms are defined as follows:

1.   "You" or "Your" means ALL Defendants (unless indicated otherwise in the specific

discovery request), predecessors, successors, affiliates, subsidiaries, divisions, parent companies,

partners, agents, employees, officers, directors, representatives, or beneficiaries.

2.    "Communication" means, without limitation, oral or written communications of any kind, such as electronic communications, e-mail, facsimiles, telephone communications, correspondence, exchanges of written or recorded information, or face-to-face meetings.

3.    "Document" or "electronically stored information" means, without limitation, the original and all non-identical copies of all items subject to discovery under the Louisiana Code of Civil Procedure and includes letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, electronic data, e-mails, internal or external websites, videos, CDs, DVDs, computer files and disks, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

4.    "Identity" or "identify" shall mean when used with reference to:

    a.    An individual person:

        (i)    his or her full name;

        (ii)    his or her present or last known complete home address;

        (iii)    his or her present or last known complete business address;

        (iv)    his or her present or last known position, business affiliation and job description; and

        (v)    his or her position, business affiliation and job description at the time in question with respect to the document request involved;

    b.    A document:

        (i)    its author;

        (ii)    its subject matter, title, date and total number of pages;

        (iii)    its type (e.g., letter, memorandum, report, diary) or some other means of recognizing it;

        (iv)    each and every addressee;

(v)     each and every person to whom copies were sent, by whom copies were received, and who you believe may have knowledge of its contents;

(vi)    its present location and custodian; and

(vii)   its disposition, if no location or custodian is specified.

c.    A communication or meeting:

(i)     all persons involved in such communication or meeting;

(ii)    the date and location of such communication or meeting;

(iii)   the substance of the communication; and

(iv)    all documents related to such communication or meeting (including, without limitation, all documents recording or summarizing such communication or meeting).

5.    "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

6.    "Native format" means as to all documents that are created in digital format (including databases, word processing files, spreadsheets, presentations, and e-mail), their native file format -- that is, the format designed specifically for the most efficient use of the information (the associated file structure defined by the original creating application). "Native format," the original digital format of a file or electronically stored information, typically allows the editing of the file by the software that created it. For example, if a file was created in Microsoft Word and was saved as a Microsoft file, the native format is the Microsoft Word format with the extension ".doc".

7.    "Metadata" means information or data describing the history, tracking, or management of an electronic file, or electronically stored information, which describes how, when and by whom the information or data was collected, created, accessed or modified and how it is formatted (including data demographics such as size, location, storage requirements and media information). For electronic mail, metadata includes all header routing data and Base 64 encoded attachment data, in addition to the "To, From, Subject, Received Date, cc and bcc" fields.

8.    "Or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A" or "B", you should produce all information about A and all

information about B, as well as all information about, collectively, A and B. In other words, "or" should be read as "and/or."

9.     "Person" means, without limitation, any natural person, government entity, corporation, partnership, limited liability company, proprietorship, joint venture, association, group or other legal form of legal entity.

10.     "Relating to," "referring to," "regarding," or "with respect to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in part.

11.     "Government" refers to the United States federal government and all of its agencies, including but not limited to Minerals Management Service ("MMS") and/or the United States Coast Guard.

12.     "Policy" means Your policy, practice, and/or procedures.

**INSTRUCTIONS**

1.     Unless otherwise noted, the relevant time period of these document requests is January 1, 2000 through the date of the response (the "relevant time period").

2.     Pursuant to the Louisiana Code of Civil Procedure, these document requests are continuing in nature so that if you subsequently discover or obtain possession, custody, or control of any document which plaintiffs have previously requested, you shall promptly make such document available.

3.     In producing documents and other materials, you are to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your employees, third party vendors or contractors, or their managing agents, parent company(ies), subsidiaries, or affiliates.

4.     All documents shall be produced as they are kept or maintained by you in the ordinary course of your business. All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by you. If for any reason the container cannot be

4

produced, you should produce copies of all labels or other identifying marks which may be present on the container.

5.      Electronically stored information shall be produced in native format and shall include metadata.

6.      You must produce external items on media that is compatible with Microsoft Windows XP and that mirrors the folder names, file names, and files that are in your computers.

7.      "External items" may include but are not limited to, faxes, photographs, scans, audio files, emails and any other file that is part of a Claim File record in a database but stored outside of the tables in the database.

8.      With respect to any e-mail or other messages produced, produce all attachments to that e-mail and all other e-mail messages in the e-mail chain (any previous e-mail message(s) to which the produced e-mail message replied and any subsequent e-mail message(s) replying to the produced e-mail message).

9.      Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each document's custodian(s).

10.     Documents attached to each other should not be separated. If any portion of any document is responsive to any paragraph or subparagraph of the document requests below, then the entire document must be produced.

11.     If any document responsive to any of the requests is privileged, and the document or any portion of the document requested is withheld based on a claim of privilege, then provide a statement of the claim of privilege and all facts relied upon in support of that claim, including the following information:

        a.      The identification of the person who created, wrote, or prepared the document, and, if applicable, the person(s) to whom the document (or copies of it) was sent (including cc and bcc) or shown;

        b.      The date on which the document was created, written, prepared, or transmitted;

        c.      Description of the general nature of the document (e.g., letter, e-mail, memorandum);

        d.      Number of pages the document contains;

5

    e.      Your basis for withholding the document (e.g., attorney-client privilege, work product); and

    f.      A description of the general subject matter of the document.

12.    Each requested document should be produced in its entirety and without redaction except as qualified by Instruction 11 above, regardless of whether you consider the entire document or only part of it to be relevant or responsive to these document requests.

**REQUEST FOR PRODUCTION NO. 1:**

Please produce all internal and external communications concerning, in any way, the remote controlled acoustic shut-off devices, a down-hole valve, a blow-out preventer ("BOP"), cementing, nitrogen cementing, or other blow-out prevention or suppression device on the BP Deepwater Horizon including without limitation the need for or efficiency of such devices..

**REQUEST FOR PRODUCTION NO. 2:**

Please produce any documents that relate to compliance with the National Environmental Policy Act ("NEPA") on the BP Deepwater project, including any categorical exclusions or other waivers of NEPA reporting requirements.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all documentation relating to the BP emergency evacuation plan in reference to the Deepwater Horizon, including material submitted by BP to the U.S. Coast Guard.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all documentation relating to the BP emergency evacuation plan in reference to the Deepwater Horizon, including material submitted by BP to MMS.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce copies of all emergency or contingency response plans in effect on April 20, 2010 for responding to events similar to those that transpired on the Deepwater Horizon.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce all documents relating to any inspections that MMS performed regarding the Deepwater Horizon, including any self inspection records that BP submitted to MMS regarding the Deepwater Horizon drilling in MC 252, any evaluations, approvals, and communications by you and

MMS regarding those self inspections, and any violations ever found by MMS from any such inspection.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce all transcripts and/or recordings of any interviews done by federal officials and/or anyone else of the workers on the Deepwater Horizon or statements made as a result of such meetings.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce any and all copies of all rules and regulations governing the safety and operational requirements for the Deep Water Horizon in effect on April 20, 2010.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce copies of all policy manuals governing the enforcement of rules and regulations referred to in Number 7 above.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce copies of all company rules, regulations, and/or internal studies relating to the remote controlled acoustic shut-off devices, Blow-Out Preventers, down-hole valves, and/or cementing procedure.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce all communications between you and MMS and/or the Coast Guard, as well as any other communication sent or received by you, relating to Request No. 9.

**REQUEST FOR PRODUCTION NO.12:**

Please produce all documents relating and/or referring to Request No. 9, including but not limited to any internal or third party studies conducted for or by You.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce all documents and communications referring and/or relating to any safety awards or certifications bestowed upon You concerning the Deepwater Horizon.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce all personnel files for those employed by you responsible for evaluating and/or certifying You to operate in the Gulf of Mexico.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce copies of all company and/or government audits or inspections of the Deepwater Horizon.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce any and all communications between you and/or Transocean and/or Halliburton and/or the Interior Department and/or the Coast Guard relating to the Deepwater Horizon.

**REQUEST FOR PRODUCTION NO. 17:**

Please produce any and all results of any preliminary company, independent, or governmental investigations into the causes of the Deepwater Horizon incident.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce any and all emergency response plans in effect on April 20, 2010.

**REQUEST FOR PRODUCTION NO. 19:**

Please produce the final approved exploration plan that You filed with federal officials and that was in place at the Deepwater Horizon on April 20, 2010.

**REQUEST FOR PRODUCTION NO. 20:**

Please produce any and all self-inspections or inspections by federal agencies of the Deepwater Horizon.

**REQUEST FOR PRODUCTION NO. 21:**

Please produce copies of any and all violations relating to the Deepwater Horizon found by federal regulators between April 20, 2009 and April 21, 2010.

**REQUEST FOR PRODUCTION NO. 22:**

Please produce copies of any and all federal permits obtained by You for the Deepwater Horizon.

**REQUEST FOR PRODUCTION NO. 23:**

Please produce any and all manuals, specifications, inspections and test results relating to the Deepwater Horizon's BOP.

**REQUEST FOR PRODUCTION NO. 24:**

Please produce any and all manuals, specifications, and/or guidelines for the use of mud and/or water in the drilling operation of the Deepwater Horizon.

8

**REQUEST FOR PRODUCTION NO. 25:**

Please produce any and all manuals, specifications, and/or guidelines for the use of cement and/or nitrogen cement in the drilling operations of the Deepwater Horizon.

**REQUEST FOR PRODUCTION NO. 26:**

Please produce any and all maintenance records related to the Deepwater Horizon's BOP.

**REQUEST FOR PRODUCTION NO. 27:**

Please produce any and all documents related to any and all hydraulic system leaks of the Deepwater Horizon's BOP.

**REQUEST FOR PRODUCTION NO. 28:**

Please produce any and all documents you created and/or submitted to any governmental entity as required by MMS Regulation 250.416(e).

**REQUEST FOR PRODUCTION NO. 29:**

Please produce any and all daily logs of the Deepwater Horizon.

**REQUEST FOR PRODUCTION NO. 30:**

Please produce any and all communications between Tidewater and BP.

**REQUEST FOR PRODUCTION NO. 31:**

Please produce any and all documents related to all communications between Deepwater Horizon and M/V Damon B. Bankston.

**REQUEST FOR PRODUCTION NO. 32:**

Please produce any and all documents related to any cement bond logs, mud logs, downhole tool logs, telephone logs, fax logs, telecommunication logs and any other logs maintained by You related to the Deepwater Horizon.

Respectfully submitted,

HERMAN, HERMAN, KATZ & COTLAR, LLP

JAMES C. KLICK - #7451
STEVE J. HERMAN – #23129
SOREN E. GISLESON – #26302
JOSEPH E. CAIN - #29785
EDMOND H. KNOLL - #29046
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024
www.hhkc.com

AND

THE KNOLL LAW FIRM, LLC
JEROLD EDWARD KNOLL - #2214
JEROLD EDWARD KNOLL, JR. - #26956
P.O. Box 426
233 South Main Street
Marksville, Louisiana 71351
Telephone: (318) 253-6200
Facsimile: (318) 253-4044

**PLEASE SERVE:**

1.   **BP, PLC – VIA LONG ARM SERVICE**
     501 Westlake Park Blvd.
     Houston, Texas 77079

2.   **BP PRODUCTS NORTH AMERICA, INC.**
     Through its registered agent
     The Prentice – Hall Corp. Sys., Inc.
     320 Somerulos Street
     Baton Rouge, Louisiana 70802

3.   **BP AMERICA, INC.**
     Through its registered agent
     CT Corp. Sys.
     5615 Corporate Blvd., Ste. 400(B)
     Baton Rouge, LA 70808

4.   **TIDEWATER MARINE, L.L.C.**
     Through its registered agent for service of process
     S. O. P., Inc.
     601 Poydras Street, Suite 1900
     New Orleans, Louisiana 70130.

10

RECEIVED

MAY 3 0 2010

E.B.R. SHERIFF'S OFFICE

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

No. 10-4871                          DIVISION "N"

SUBPOENA

SECTION ()

### ELTON JOHNSON
V.
### BP, PLC, BP PRODUCTS NORTH AMERICA, INC., BP AMERICA, INC., and TIDEWATER MARINE, LLC

TO:  BP Products North America, Inc.
Through its registered agent:
The Prentice - Hall Corp. Sys., Inc.
320 Somerulos Street
Baton Rouge, Louisiana 70802

**CLERK, CIVIL DISTRICT COURT** - Please issue a subpoena to the above party as directed below.

---

#### SUBPOENA REQUEST
[     ] **YOU ARE COMMANDED** to appear in the Civil District Court, Parish of Orleans in Division "___", 421 Loyola Ave., New Orleans, LA 70112, on the _____ day of _____, 2005 at _____ o'cloc___.M., to testify the truth according to your knowledge, in a controversy pending herein between the parties above named; and hereof you are not to fail under the penalty of the law. By order of the Court.

---

#### DEPOSITION SUBPOENA REQUEST
[     ] **YOU ARE COMMANDED** to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  | June 30, 2008 1:00 p.m. |

#### REQUEST FOR WRIT OF SUBPOENA DUCES TECUM
[  x  ] **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects for the ____ trial, _____ deposition, or _____ hearing at the place, date and time specified below pursuant to provisions of Article 1354 et. seq. of the LA Code of Civil Procedure.

### SEE ATTACHED NOTICE OF DEPOSITION AND EXHIBIT A

| PLACE | DATE AND TIME |
|---|---|
| Herman, Herman, Katz & Cotlar 820 O'Keefe Avenue New Orleans, Louisiana 70113 | June 11, 2010 9:00 a.m. |

RECEIVED
MAY 10 2010
E.B.R. SHERIFF'S OFFICE

DALE N. ATKINS, CLERK
CIVIL DISTRICT COURT

Issued at the request of; and,
Fees and cost guaranteed by undersigned

**ATTORNEY**

**ATTORNEY'S
NAME & BAR NUMBER**      SOREN E. GISLESON - #26302

**ADDRESS
&
TELEPHONE NUMBER**       820 O'KEEFE AVENUE
NEW ORLEANS, LOUISIANA 70113
(504) 581-4892

Attorney's signature

File original and two copies with Clerk
fourth copy for Attorney's File

FILED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS 2010 MAY 11 ☐ 3 10

STATE OF LOUISIANA

CASE NO:   10-4871

CIVIL
DISTRICT COURT
DIVISION " N "

ELTON JOHNSON

versus

BP, PLC, BP PRODUCTS NORTH AMERICA, INC.,
BP AMERICA, INC., and TIDEWATER MARINE, L.L.C.,

FILED: _____          _____
                                          DEPUTY CLERK

## NOTICE OF RECORDS DEPOSITION

TO:   **BP PRODUCTS NORTH AMERICA, INC.**
      Through its registered agent
      The Prentice – Hall Corp. Sys., Inc.
      320 Somerulos Street
      Baton Rouge, Louisiana 70802

      **BP AMERICA, INC.**
      Through its registered agent
      CT Corp. Sys.
      5615 Corporate Blvd., Ste. 400(B)
      Baton Rouge, LA 70808

      **TRANSOCEAN, LTD**
      Through its registered agent
      The Prentice – Hall Corp. Sys., Inc.
      320 Somerulos Street
      Baton Rouge, Louisiana 70802

      **CAMERON INTERNATIONAL CORPORATION f/k/a Cooper Cameron Corporation**
      Through its Registered agent:
      CT Corp. Sys.
      5615 Corporate Blvd., Ste. 400(B)
      Baton Rouge, LA 70808

      **HALLIBURTON ENERGY SERVICES, INC.**
      Through its registered agent
      CT Corp. Sys.
      5615 Corporate Blvd., Ste. 400(B)
      Baton Rouge, LA 70808

**PLEASE TAKE NOTICE** that plaintiff, Elton Johnson will take the deposition of the following entities on **FRIDAY, JUNE 11, 2010,** at **9:00 a.m.:**

**BP PRODUCTS NORTH AMERICA**
**BP AMERICA, INC.**
**TRANSOCEAN, LTD**
**CAMERON INTERNATIONAL CORPORATION f/k/a Cooper Cameron Corporation**
**HALLIBURTON ENERGY SERVICES, INC.**

with respect to complete file materials, including, but not limited to, the following:

**SEE ATTACHED EXHIBIT A**

**PLEASE NOTE THAT THIS DEPOSITION IS FOR THE RETURN OF RECORDS ONLY. IF THE RECORDS REQUESTED ARE PRODUCED ON OR BEFORE THE DATE OF THE DEPOSITION, THERE WILL BE NO NEED FOR YOUR APPEARANCE AT THE DEPOSITION**

Respectfully submitted,
**HERMAN, HERMAN, KATZ & COTLAR, LLP**

_____
**JAMES C. KLICK - #7451**
**STEVE J. HERMAN – #23129**
**SOREN E. GISLESON – #26302**
**JOSEPH E. CAIN – #29785**
**EDMOND H. KNOLL - #29046**
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024
www.hhkc.com

AND

**THE KNOLL LAW FIRM, LLC**
**JEROLD EDWARD KNOLL** - #2214
**JEROLD EDWARD KNOLL, JR.** - #26956
P.O. Box 426
233 South Main Street
Marksville, Louisiana 71351
Telephone: (318) 253-6200
Facsimile: (318) 253-4044

**EXHIBIT A**

FILED

2010 MAY 14  P 3: 10

CIVIL
DISTRICT COURT

**INSTRUCTIONS**

1.  Unless otherwise noted, the relevant time period of these document requests is January 1, 2000 through the date of the response (the "relevant time period").

2.  Pursuant to the Louisiana Code of Civil Procedure, these document requests are continuing in nature so that if you subsequently discover or obtain possession, custody, or control of any document which plaintiffs have previously requested, you shall promptly make such document available.

3.  In producing documents and other materials, you are to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your employees, third party vendors or contractors, or their managing agents, parent company(ies), subsidiaries, or affiliates.

4.  All documents shall be produced as they are kept or maintained by you in the ordinary course of your business. All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by you. If for any reason the container cannot be produced, you should produce copies of all labels or other identifying marks which may be present on the container.

5.  Electronically stored information shall be produced in native format and shall include metadata.

6.  You must produce external items on media that is compatible with Microsoft Windows XP and that mirrors the folder names, file names, and files that are in your computers.

7.  "External items" may include but are not limited to, faxes, photographs, scans, audio files, emails and any other file that is part of a Claim File record in a database but stored outside of the tables in the database.

8.  With respect to any e-mail or other messages produced, produce all attachments to that e-mail and all other e-mail messages in the e-mail chain (any previous e-mail message(s) to which the produced e-mail message replied and any subsequent e-mail message(s) replying to the produced e-mail message).

9.  Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each document's custodian(s).

10. Documents attached to each other should not be separated. If any portion of any document is responsive to any paragraph or subparagraph of the document requests below, then the entire document must be produced.

11. If any document responsive to any of the requests is privileged, and the document or any portion of the document requested is withheld based on a claim of privilege, then provide a statement of the claim of privilege and all facts relied upon in support of that claim, including the following information:

    a.  The identification of the person who created, wrote, or prepared the document, and, if applicable, the person(s) to whom the document (or copies of it) was sent (including cc and bcc) or shown;
    b.  The date on which the document was created, written, prepared, or transmitted;
    c.  Description of the general nature of the document (e.g., letter, e-mail, memorandum);
    d.  Number of pages the document contains;
    e.  Your basis for withholding the document (e.g., attorney-client privilege, work

product); and

f.     A description of the general subject matter of the document.

12.  Each requested document should be produced in its entirety and without redaction except as qualified by Instruction 11 above, regardless of whether you consider the entire document or only part of it to be relevant or responsive to these document requests.

## REQUEST FOR DOCUMENTS

1.   Please produce all internal and external communications concerning the need for, or efficacy of, remote controlled acoustic shut-off devices, a down-hole valve, a blow-out preventer ("BOP"), cementing, nitrogen cementing, or other blow-out prevention or suppression device on the BP Deepwater Horizon oil rig.

2.   Please produce any documents that relate to compliance with the National Environmental Policy Act ("NEPA") on the BP Deepwater project, including any categorical exclusions or other waivers of NEPA reporting requirements.

3.   Please produce all documentation relating to the BP emergency evacuation plan, including material submitted by BP to the U.S. Coast Guard.

4.   Please produce all documentation relating to the BP emergency evacuation plan, including material submitted by BY to MMS.

5.   Please produce copies of all emergency or contingency response plans in effect on April 20, 2010 for responding to events similar to those that transpired on the Deepwater Horizon.

6.   Please produce all documents relating to any inspections that MMS performed regarding the Deepwater Horizon, including any self inspection records that BP submitted to MMS regarding the Deepwater Horizon drilling in MC 252, any evaluations, approvals, and communications by you and MMS regarding those self inspections, and any violations ever fond by MMS from any such inspection.

7.   Please produce all transcripts and/or recordings of any interviews done by federal officials and/or anyone else of the workers on the Deepwater Horizon.

8.   Please produce any and all copies of all rules and regulations governing the safety and operational requirements for the Deep Water Horizon in effect on April 20, 2010.

9.   Please produce copies of all policy manuals governing the enforcement of rules and regulations referred to in Number 7 above.

10.  Please produce copies of all company rules, regulations, and/or internal studies relating to the remote controlled acoustic shut-off devices, Blow-Out Preventers, down-hole valves, and/or cementing procedure.

11.  Please produce all communications between you and MMS and/or the Coast Guard, as well as any other communication sent or received by you, relating to Request No. 9.

12.  Please produce all documents relating and/or referring to Request No. 9, including but not limited to any internal or third party studies conducted for or by You.

13.  Please produce all documents and communications referring and/or relating to any safety awards or certifications bestowed upon You concerning the Deepwater Horizon.

14.  Please produce all personnel files for those employed by you responsible for evaluating and/or certifying You to operate in the Gulf of Mexico.

15.  Please produce copies of all company and/or government audits or inspections of the

Deepwater Horizon.

16.    Please produce any and all communications between you and/or Transocean and/or Halliburton and/or the Interior Department and/or the Coast Guard relating to the Deepwater Horizon.

17.    Please produce any and all results of any preliminary company, independent, or governmental investigations into the causes of the Deepwater Horizon incident.

18.    Please produce any and all emergency response plans in effect on April 20, 2010.

19.    Please produce the final approved exploration plan that You filed with federal officials and that was in place at the Deepwater Horizon on April 20, 2010.

20.    Please produce any and all self-inspections or inspections by federal agencies of the Deepwater Horizon.

21.    Please produce copies of any and all violations relating to the Deepwater Horizon found by federal regulators between April 20, 2009 and April 21, 2010.

22.    Please produce copies of any and all federal permits obtained by You for the Deepwater Horizon.

23.    Please produce any and all manuals, specifications, inspections and test results relating to the Deepwater Horizon's BOP.

24.    Please produce any and all manuals, specifications, and/or guidelines for the use of mud and/or water in the drilling operation of the Deepwater Horizon.

25.    Please produce any and all manuals, specifications, and/or guidelines for the use of cement and/or nitrogen cement in the drilling operations of the Deepwater Horizon.

26.    Please produce any and all maintenance records related to the Deepwater Horizon's BOP.

27.    Please produce any and all documents related to any and all hydraulic system leaks of the Deepwater Horizon's BOP.

28.    Please produce any and all documents you created and/or submitted to any governmental entity as required by MMS Regulation 250.416(e).

29.    Please produce any and all daily logs of the Deepwater Horizon.

30.    Please produce any and all communications between Tidewater and BP.

31.    Please produce any and all documents related to all communications between Deepwater Horizon and M/V Damon B. Bankston.

32.    Please produce any and all documents related to any cement bond logs, mud logs, downhole tool logs, telephone logs, fax logs, telecommunication logs and any other logs maintained by You related to the Deepwater Horizon.

ATTORNEY'S NAME: Klick, James  07451
AND ADDRESS:      820 O'Keefe Ave
                  New Orleans   LA 70113-1116

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO:      2010 -- 04871        12                            SECTION:      8 -- N

JOHNSON, ELTON versus BP, PLC,

**C I T A T I O N**

TO: BP PRODUCTS NORTH AMERICA, INC.
    THROUGH: ITS REGISTERED AGENT
    THE PRENTICE HALL CORP. SYS., INC.
    320 SOMERULOS ST.
    BATON ROUGE                    LA

YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
FIRST AMENDED & RESTATED PETITION
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of
this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the
service hereof under penalty of default

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •
•                       ADDITIONAL INFORMATION                                   •
•   Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer   •
•   Referral Service at 561- 8828. This Referral Service operates in conjunction with the New Orleans Bar Association.   •
•   If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you   •
•   may call 529 - 1000 for more information.                                     •
•   COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE                        •
• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

IN WITNESS HEREOF,  I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA _____ May 27, 2010 _____

Clerk's Office,  Room 402,  Civil Courts Building,          DALE N. ATKINS,  Clerk of
421 Loyola Avenue                                          The Civil District Court
New Orleans,  LA                                           for the Parish of Orleans
                                                          State of LA
                                                          by _____
                                                                    Deputy Clerk

---

SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|

On this _____ day of _____ | On this _____ day of _____
_____ served a copy of the w/i petition | _____ served a copy of the w/i petition
FIRST AMENDED & RESTATED PETITION | FIRST AMENDED & RESTATED PETITION

On | On
   BP PRODUCTS NORTH AMERICA, INC. |    BP PRODUCTS NORTH AMERICA, INC.

THROUGH: ITS REGISTERED AGENT | THROUGH: ITS REGISTERED AGENT

 | by leaving same at the dwelling house, or usual place of
 | abode, in the hands of _____
 | a person of suitable age and discretion residing therein as
Returned  same  day | a member of the domiciliary establishment, whose name
_____ No. | and other facts connected with this service I learned by
 | interrogating  HIM / HER  the said _____
Deputy Sheriff of _____ | BP PRODUCTS NORTH AMERICA, INC.
Mileage: $_____ |

_____/ ENTERED /_____ | being absent from the domicile at time of said service.
PAPER              RETURN | Returned  same  day
_____/ _____ | _____ No.
SERIAL NO.   DEPUTY   PARISH | Deputy Sheriff of _____

FILED

'??? ??Y 27 P 12: 26

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
CIVIL
STATE OF LOUISIANA DIST COURT

*4871*

CASE NO:   10-8471                                                    DIVISION " N "

**ELTON JOHNSON**

versus

**BP, PLC, BP PRODUCTS NORTH AMERICA, INC.,
BP AMERICA, INC., and TIDEWATER MARINE, L.L.C.,**

FILED: _____

_____
**DEPUTY CLERK**

## FIRST AMENDED AND RESTATED PETITION

The Petition for Damages of Elton Johnson, a person of the full age of majority, and a

resident and domiciliary of Bunkie, Avoyelles Parish, Louisiana, respectfully represents, as follows,

to-wit:

1.

Made defendants herein are:

A.   **BP, PLC** ("BP"), a foreign corporation authorized to do and doing business in the
State of Louisiana;

B.   **BP PRODUCTS NORTH AMERICA, INC.** ("BP Products"), a foreign
corporation authorized to do and doing business in the State of Louisiana;

C.   **BP AMERICA, INC.** ("BP America"), a foreign corporation authorized to do and
doing business in the State of Louisiana;

D.   **TIDEWATER MARINE, L.L.C.**, hereinafter referred to as "Tidewater Marine,"
a Louisiana corporation with its principle place of business in New Orleans,
Louisiana.

2.

The defendants, are justly and truly indebted unto plaintiff, Elton Johnson, jointly, severally

and *in solido,* for the following reasons, to-wit:

3.

At all material times, plaintiff Elton Johnson was employed by TIDEWATER MARINE as

a Jones Act seaman and plaintiff invokes the "savings to suitors" clause.

4.

Plaintiff was assigned by defendant, TIDEWATER MARINE, to work aboard the *MV Damon B. Bankston,* a supply vessel, which was mud roped to the offshore drilling vessel, DEEPWATER HORIZON, in order to send and receive supplies.

5.

DEEPWATER HORIZON was moored to the ocean floor at the time of the incident and was owned and/or operated and/or chartered and/or controlled by TRANSOCEAN and/or BP at all material times herein.

6.

On or about April 20, 2010, plaintiff, Elton Johnson, was an employee of TIDEWATER MARINE working on the *MV Damon B. Bankston* supply vessel mud-roped to DEEPWATER HORIZON. Suddenly and without warning, at approximately 10 p.m. on April 20, 2010, while the vessel, DEEPWATER HORIZON, was performing drilling operations for crude oil off the coast of Louisiana, an explosion occurred on DEEPWATER HORIZON.

7.

The explosion violently threw the plaintiff, Elton Johnson, approximately seven (7) feet into a wall and onto a door of the engine room in the supply vessel. As a result, plaintiff was rendered temporarily unconscious and sustained a concussion.

8.

As a result, plaintiff, Elton Johnson, sustained the following injuries:

A.    Back pain;

B.    Shoulder pain;

C.    Headaches;

D.    Ringing of the ears; and

E.    General soreness throughout the body.

9.

Additionally, once plaintiff came to, he helped rescue approximately 60 crewmembers of DEEPWATER HORIZON oil rig, who had either been blown off or had jumped overboard from the rig.

10.

As a result of the trauma of the foregoing events and his diligent rescue efforts, plaintiff is also suffering from serious emotional and/or psychological problems, including, but not limited to, the following:

A. Anxiety;

B. Restlessness;

C. Nightmares;

D. Post-traumatic stress; and

E. Depression.

11.

Plaintiff, Elton Johnson, was at all times pertinent hereto ordered to be and performing his duties and functions as instructed and obliged to perform pursuant to directives of defendant, TIDEWATER MARINE.

12.

The accident was caused by no fault of plaintiff and was caused solely by the negligence of defendants, as more particularly set forth herein.

13.

At all times pertinent hereto, the vessel on which the explosion occurred was owned, navigated in navigable waters, manned, possessed, managed, controlled, chartered and/or operated by defendant, BP.

14.

The explosion which caused plaintiff's injuries occurred as a result of the negligence of defendant, BP. These acts of negligence render the defendants liable to plaintiff pursuant to the provisions of 46 U.S.C. § 688 and the general maritime law for negligence.

15.

Plaintiff seeks recovery against the defendants for their wrongful conduct, including gross, reckless, and wantom conduct, solely under the general maritime law and as a Jones Act seaman and member of the crew of the Tidewater vessel.

16.

Plaintiff, Elton Johnson, demands that defendant, TIDEWATER, provide him with maintenance and cure benefits until such time as he reaches "maximum medical cure," as determined by his treating physician. Plaintiff demands that maintenance be instituted in the amount of $40.00 per day from the date of his injury.

17.

The above-described incidents were caused solely by the negligence of defendant, BP, through their agents, servants and employees, which are more particularly described as follows:

A.    Negligent failure to properly perform the operation ongoing at the time of the accident/explosion in question;

B.    Negligent failure to take all appropriate precautions to avoid an accident and explosion of the kind which occurred;

C.    Negligent failure to have all proper equipment and gear necessary to perform the job being performed at the time of the accident and explosion in a safe manner;

D.    Negligent failure to keep the equipment on board the vessel in proper condition and repair;

E.    Negligent failure to properly inspect the rig and all of its equipment and gear;

F.    Negligent failure to have sufficient number of properly trained and qualified personnel to perform the job in a safe manner being performed at the time of the accident and explosion;

G.    Negligent failure to properly train and/or instruct and/or warn Elton Johnson and those similarly situated;

H.    Negligent violation of government and industry rules, regulations and standards;

I.    Acting in a grossly negligent, reckless, willful and wanton manner with respect to the ownership and operation of the rig, the operation which was ongoing at the time of the accident and explosion with respect to Elton Johnson;

J.    Other acts of negligence and fault which may be shown through discovery or at trial; and

K.    Generally, the failure of BP to act with the required degree of care commensurate with the existing situation.

18.

In the further alternative, plaintiff, Elton Johnson, reiterating and realleging each and every allegation set forth above as though set forth herein *in extensio*, avers the applicability of the doctrine of Res Ipsa Loquitur.

19.

As a result of the above-described negligence, plaintiff, Elton Johnson, is entitled to recover the following damages:

A. Physical and mental injury, pain and suffering, mental anguish and distress and fright;

B. Loss of earnings, past and future;

C. Loss of earning capacity;

D. Loss of enjoyment of life;

E. Mental anguish, grief, profound depression, anxiety and suffering;

F. Medical and related expenses, past and future;

G. Punitive or exemplary damages;

H. Other items of damage which may be shown through discovery or at trial;

I. All appropriate general and equitable relief;

J. Prejudgment interest on all sums awarded from date of loss until paid;

K. Post-judgment on all sums awarded from date of judgment until paid; and

L. All court costs and litigation costs allowed by law.

20.

The defendants' conduct was reckless and egregious in complete disregard of the safety of plaintiff and are therefore liable for punitive damages.

WHEREFORE plaintiff, ELTON JOHNSON, prays that after due proceedings are had, there be judgment in his favor and against the defendants, BP, PLC, BP PRODUCT NORTH AMERICA, INC, BP AMERICA, INC., and TIDEWARTER MARINE, L.L.C., jointly, severally and in solido, for compensatory, punitive, exemplary and other appropriate damages, with legal interest thereon from date of loss until paid, for all costs of this proceeding. Plaintiff also prays for all other relief as may be just and equitable in the premises.

Respectfully submitted,

**HERMAN, HERMAN, KATZ & COTLAR, LLP**

**JAMES C. KLICK - #7451**
**STEVE J. HERMAN – #23129**
**SOREN E. GISLESON – #26302**
**JOSEPH E. CAIN – #29785**
**EDMOND H. KNOLL - #29046**
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024
www.hhkc.com

AND

**THE KNOLL LAW FIRM, LLC**
**JEROLD EDWARD KNOLL - #2214**
**JEROLD EDWARD KNOLL, JR. - #26956**
P.O. Box 426
233 South Main Street
Marksville, Louisiana 71351
Telephone: (318) 253-6200
Facsimile: (318) 253-4044

**PLEASE SERVE:**

1.    **BP, PLC – VIA LONG ARM SERVICE**
      501 Westlake Park Blvd.
      Houston, Texas 77079

2.    **BP PRODUCTS NORTH AMERICA, INC.**
      Through its registered agent
      The Prentice – Hall Corp. Sys., Inc.
      320 Somerulos Street
      Baton Rouge, Louisiana 70802

3.    **BP AMERICA, INC.**
      Through its registered agent
      CT Corp. Sys.
      5615 Corporate Blvd., Ste. 400(B)
      Baton Rouge, LA 70808

4.    **TIDEWATER MARINE, L.L.C.**
      Through its registered agent for service of process
      S. O. P., Inc.
      601 Poydras Street, Suite 1900
      New Orleans, Louisiana 70130.

A TRUE COPY

DEPUTY CLERK

RECEIVED

JUN 01 2010

E.B.R. SHERIFF'S OFFICE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELTON JOHNSON | * | CIVIL ACTION NO. _____ |
| | | |
| VERSUS | * | JUDGE _____ |
| | | |
| BP, PLC, BP PRODUCTS NORTH AMERICA, INC, BP AMERICA, INC., and TIDEWATER MARINE, L.L.C. | * | MAGISTRATE JUDGE _____ |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### TIDEWATER MARINE, L.L.C.
### CONSENT TO REMOVAL

NOW INTO COURT, through undersigned counsel, comes Tidewater Marine, L.L.C. and without waiving and specifically reserving all rights, defenses, objections and exceptions, hereby consents to the removal by BP Products North America Inc. and BP America, Inc. of the above captioned action from the Civil District Court for the Parish of Orleans, State of Louisiana, bearing Case No. 10-4871, to this Honorable Court.

Dated: June 7, 2010

Respectfully submitted,

_____
Cliffe E. Laborde III (#8062)
LABORDE & NEUNER
One Petroleum Center
1001 West Pinhook Road Suite 200
Lafayette, Louisiana 70505-2828
(337) 237-7000 (Phone)
(337) 233-9450 (Fax)
Attorney for Tidewater Marine,
L.L.C.


EXHIBIT
B

**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

ELTON JOHNSON

          Plaintiff,

   v.

BP PLC; BP PRODUCTS NORTH AMERICA,
INC.; BP AMERICA, INC., AND TIDEWATER
MARINE, INC.

          Defendants.

## DEFENDANT BP P.L.C'S CONSENT TO AND JOINDER IN NOTICE OF REMOVAL

      Defendant BP  p.l.c.,[1] pursuant to 28 U.S.C. §1446, hereby gives notice that it consents to

and joins in the Notice of Removal filed by Defendants BP Products North America Inc. and BP

America, Inc.

---

[1] BP p.l.c. files this consent and joinder without waiving any defenses it may have and wish to assert herein.  BP p.l.c. expressly reserves its right to contest personal jurisdiction over it in this action.

Dated:  June 7, 2010                              Respectfully submitted,

                                                  Richard C. Godfrey, P.C.
                                                  John T. Hickey, Jr., P.C.
                                                  J. Andrew Langan, P.C.
                                                  Hariklia Karis
                                                  KIRKLAND & ELLIS LLP
                                                  300 North LaSalle
                                                  Chicago, IL 60654
                                                  (312) 862-2000 Telephone
                                                  (312) 862-2200 Facsimile